UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 1 0 2013
Clerk, U.S. District and
Bankruptcy Courts

RALPH TAYLOR, )
)
Plaintiff, )
)
v. ) Civil Action No. 13-1047
)
THE UNITED STATES TREASURY, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. Notwithstanding the Court's obligation to construe a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

According to the plaintiff, by tendering a "financial instrument . . . for the performance of certain obligations to be completed upon its receipt and negotiation," Compl. ¶ 1, to which the United States of America did not timely respond, the United States is now obligated either to return the original financial instrument or, in the alternative, to pay him $11,000,000.00 plus interest. *Id.* ¶ 7. This obligation somehow has arisen from the plaintiff's conviction in and sentence imposed by the United States District Court for the Southern District of Indiana. *See id.*, Ex. (excerpt from judgment and commitment order); *see also United States v. Taylor*, 196

F.3d 854 (7th Cir. 1999) (affirming criminal convictions and 30-year prison sentence). Wholly absent from the plaintiff's pleading is any credible legal theory to support his demand for compensation.

This complaint is frivolous and it must be dismissed. *See* 28 U.S.C. §§ 1915(e)(1)(B)(i), 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately.

/s/ _____
United States District Judge

DATE: 6/26/2013